The People of the State of New York, Appellant, *v.* John Brophy, Respondent. (And Ten Other Actions.)

Third Department, March 12, 1952.

*Nathaniel L. Goldstein, Attorney-General (Paul W. Williams, Special Assistant Attorney-General,* in charge of the Saratoga Investigation, and *Harris B. Steinberg, Special Assistant Attorney-General,* of counsel), for appellant.

*Lynch & Lynch* for John Brophy, Alfred Pepper, Costabule DeMatteo, Augustus DeMatteo, Jr., Victor Urquhart, Almeron White, James White, George White and Leo Grennan, respondents.

*Carroll, Amyot and Doling* for George Smaldone, Louis J. Farone and Anthony Padula, respondents.

*Edward T. Sullivan* for Gerard E. King, respondent.

*Ray F. Fowler* for Thomas O'Brien, respondent.

*Daniel H. Prior* for all respondents.

*Per Curiam.* This is an appeal by the People from an order of Supreme Court, Albany Special Term, which dismissed indictments found by a Grand Jury of Saratoga County which had been impaneled at an Extraordinary Special and Trial Term of Supreme Court. This Extraordinary Term was directed by the proclamation of the Governor to inquire into the violation of laws relating to gambling, bribery, corruption, public offices and officers, the collection of public revenues and the administration of justice, in Saratoga County.

While the opinion of the Justice at Special Term does not expressly say so, it was evidently his conclusion that the Extraordinary Term followed a systematic pattern of exclusion against citizens who were qualified to sit as grand jurors, and hence that the Grand Jury as finally selected was not drawn by lot within the traditional meaning of that term.

This case resembles closely the case of *People* v. *Prior* (268 App. Div. 717, affd. 294 N. Y. 405). In our opinion the errors assigned here did not justify a finding that the Grand Jury, as finally selected, was not a constitutional body, or that any constitutional rights of the defendants were violated, within the principles enunciated by the decision of the Court of Appeals in the *Prior* case as we understand it.

We add that the Justice at Special Term was justified, as a matter of law, in entertaining the motion that resulted in the order appealed from, and did not abuse his discretionary power in that regard. Under the present practice there is no direct appeal available in a criminal case from an intermediate order and a party who desires to raise a constitutional issue against the procedure adopted by a Justice presiding at an Extraordinary Term ought to be able to examine the question in some other forum.

The order should be reversed on the law and the indictments reinstated.

FOSTER, P. J., HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Order reversed on the law and the indictments reinstated.